# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN SANDERS, #S00990, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01053-JPG |
| ) | |
| CAPTAIN EALES, ) | |
| HEALTH CARE ADMINISTRATOR, ) | |
| and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff John Sanders, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center ("Graham"), brings this action pursuant to 42 U.S.C. § 1983 for the alleged denial of mental health treatment by officials at Madison County Jail and Alton City Jail in 2019. (Doc. 1, pp. 6, 8-11). Plaintiff claims that he requested and was denied treatment of an unspecified mental health condition by jail officials who offered him no valid explanation for the denial. (*Id*.). He seeks money damages against the Madison County Jail Administrator, Madison County Jail Health Care Administrator, and Alton City Jail Administrator. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations summarized above, the Court finds it convenient to designate a single claim in the *pro se* Complaint:

**Count 1:** Defendants denied Plaintiff mental health treatment in violation of his constitutional rights at Madison County Jail and/or Alton City Jail in 2019.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In order to pursue a Section 1983 claim for money damages against a state actor, a plaintiff must name the individual as a defendant in the action *and* set forth allegations showing that the defendant caused or participated in a deprivation of Plaintiff's constitutional rights. *Id*. Plaintiff cannot state a claim against a defendant by merely listing the individual as a party to the action. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff has done just that. In the case caption and list of defendants, he names three defendants: (1) Madison County Jail Administrator (Captain Eales); (2) Madison County Jail Health Care Administrator; and (3) Alton City Jail Administrator (John Doe). (Doc. 1, pp. 1-2). He does not mention these individuals anywhere in the statement of his claim. Although he attaches grievances filed in connection with this matter, the grievances also do not mention any defendants. The Court has no way to assess whether each defendant acted, or failed to act, in manner that violated Plaintiff's rights.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff must set forth basic allegations describing what each individual did, or failed to do, in violation of his constitutional rights. The reason that he must associate specific defendants with specific claims is to put each defendant on notice of the claims against him or her, so each defendant can properly answer the Complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Because Plaintiff has not set forth any allegations against the defendants in the Complaint, Count 1 shall be dismissed without prejudice for failure to state a claim against them.

The Complaint does not survive preliminary review and shall be dismissed. However, Plaintiff will have an opportunity to re-plead his claim(s) against the defendant(s), if he wishes to proceed with this action. He is bound by the instructions and deadline set forth in the disposition.

## Disposition

**IT IS ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim for relief against Defendants **MADISON COUNTY JAIL ADMINISTRATOR (Captain Eales), MADISON COUNTY JAIL HEALTH CARE ADMINISTRATOR,** and **ALTON CITY JAIL ADMINISTRATOR (John Doe)**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 13, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 19-cv-01053-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/16/2020**                    s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**